*REMAND/JS-6*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-08907-GW(ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | *Stuart A. Linder, et al. v. Cynosure, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER REMANDING ACTION TO STATE COURT**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

Subject matter jurisdiction based on diversity of citizenship requires that the plaintiffs and defendants have different state citizenships and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). The removal papers in this case do not even attempt to account for the citizenship of one of the plaintiffs – Adriana Diaz[1] – and one of the defendants – Kristopher Huston[2] (and, contrary to applicable law, only alleges the *residence* – not citizenship, *see Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) – of one of the defendants

---

[1] The state-court Complaint alleges that Diaz is a resident of Los Angeles County. *See* Complaint ¶ 1.

[2] The Complaint alleges that Huston is a resident of Los Angeles County. *See* Complaint ¶ 4.

| | : |
|---|---|
| Initials of Preparer | JG |

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-08907-GW(ASx) | Date | December 12, 2014 |
|---|---|---|---|
| Title | *Stuart A. Linder, et al. v. Cynosure, Inc., et al.* | | |

the papers do contemplate, *see* Notice of Removal ¶ 16).[3]  Nor do defendants attempt to argue that the Court may ignore Diaz and Huston because of the doctrine of fraudulent joinder, which has certain difficulty-to-satisfy requirements for its application.  *See generally* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2014) §§ 2:2423-2468, at 2D-37 – 45.

     Instead, defendants have removed the case by arguing that Diaz and Huston were added to the action without leave to amend.  *See* Notice of Removal ¶ 6.  To make that argument, defendants must treat this case as if it is the same case as one which they admit was voluntarily dismissed in October 2013.  *See* Notice of Removal. ¶¶ 2-5.  But if plaintiffs have filed a *new* action with *new* parties, they had no need to seek leave to amend; there would have been nothing pending for them to even *attempt* to amend.  Defendants therefore had no permissible, demonstrated, basis to simply ignore Diaz and Huston in terms of their citizenship allegations.  And both because 1) this case is not the same case as that earlier case and 2) this Court never had jurisdiction over this action, the factors analyzed under 28 U.S.C. § 1447 have no application here.  *See* 28 U.S.C. § 1447(e) ("If *after removal* the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction,....") (emphasis added); Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2013) § 2:3642-43, at 2D-223 ("If the complaint had originally named Agent[, a nondiverse party,] as a party, the action would not have been removable from state court on diversity grounds.").  Defendants cited no case in their removal papers which supports the method they have proposed for ignoring Diaz and Huston for citizenship purposes.

     The Court therefore *sua sponte* remands this case to the Los Angeles County Superior Court, vacates the Motion to Transfer Venue set for January 5, 2015, and the Scheduling Conference set for January 15, 2015, in this matter, and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

---

[3]In fact, the caption page of defendants' removal paperwork does not even *list* Diaz or Huston as parties.  Instead, defendants appear to simply be using the caption from an earlier action amongst many of parties involved in this case, which a less forgiving court might see as an attempt to, at best, obfuscate the necessary diversity jurisdiction analysis and, at worst, affirmatively mislead the Court.

|  | : |
|---|---|
| Initials of Preparer | JG |